### Succession of Mary Fleming.

A husband made application to be put in possession of the community property, as survivor and usufructuary of his wife, she having died without leaving heirs, either ascendant or descendant. The Court granted the application, without notice to the attorney for absent heirs:

*Held*:—That the application could only be granted after due notice to the attorney representing absent heirs, and must be determined contradictorily with the heirs.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *F. Hayne*, *Buchanan & Gilmore*, for appellants. *E. W. Huntington*, for appellee.

Labauve, J. Mary Duffy, wife of Thomas Fleming, died intestate in

New Orleans, on the 9th September, 1865, leaving neither descendant nor ascendant. Her surviving husband, Thomas Fleming, on the 11th, applied for the administration, and on the 14th, his demand was opposed by Catherine Harrigan, alleging that the deceased left no issue, and that, being his sister and heir, she had a better right to the administration.

On the 26th of same month, Fleming applied to discontinue his demand for letters, and asking to be put in possession of the whole property, as survivor in community and usufructuary of the share of his wife, on the ground that the deceased left no ascendants or descendants; that the property was community, and the debts small, and that there was no necessity for an administration.

On the same day, the lower Court granted this demand by discontinuing the application for letters, and putting the petitioner in possession as usufructuary of all the property belonging to the community; proceedings were exparte ; no notice being given to the appellant or the attorney of absent heirs.

On the 28th September, 1865, Mrs. Catherine Harrigan had a rule served on Thomas Fleming, to show cause why she should not be appointed administratrix. Thomas Fleming answered, in substance, that Mary Fleming died intestate, leaving no ascendants or descendants; that the succession owes no debts, and there is no necessity for an administration ; that said succession consists exclusively of community property, which respondent, as survivor in community, is entitled to hold in usufruct, during his natural life.

After hearing the evidence, the District Court, on the 26th October, 1865, discharged the rule.

Mrs. Catherine Harrigan appealed from both judgments rendered ; one on the 26th September, discontinuing the application for administration, and putting Thomas Fleming in possession, and the other on the 26th October, discharging the rule.

The evidence clearly shows that the property, which has been duly inventoried and appraised, belongs to the community; that the debts are of no importance, and we are satisfied that there is no necessity for a full administration. Whatever debts there may be, the creditors may look directly to the husband for their payment ; and if he choose to keep the property and pay the debts, we do not see that his heirs have any right to complain. Civil Code, Article 579.

No creditor is a party to this suit.

We are of opinion that the judgment rendered on the 26th October, 1865, is correct; and that the one rendered on 26th September, 1865, upon ex parte proceedings, must be set aside, and the case remanded, in order that the demand to be put in possession be determined contradictorily with the heirs.

It is therefore ordered, adjudged and decreed, that the judgment rendered on the 26th October, 1865, discharging the rule be affirmed.

It is further ordered, adjudged and decreed, that the judgment rendered on the 26th October, 1865, putting the appellee in possession, be annulled and avoided; that the case be remanded, to be proceeded in according to law, and that the appellee pay costs of appeal.