Succession of Allen.

## No. 10,822.

### SUCCESSION OF R. F. ALLEN.

1. The maxim *le mort saisit le vif* does not apply to such irregular heirs as the surviving spouse.
2. Articles 930, 931 and 949, Rev. C. C., prescribe the steps to be taken by the surviving spouse in order to be recognized as heir of the deceased spouse and to be sent into possession of his estate.
3. These articles contemplate a proceeding in the nature of an action taken contradictorily with a "person to be appointed to defend the interests of the absent heirs, in case there are any."
4. A decree of possession rendered without the appointment of such a representative; without an inventory taken in his presence; without requiring or giving of security in a purely *ex parte* proceeding, is invalid and null.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Kernan & Laycock* and *Fergus Kernan* for Appellants.

*Henry C. Miller* for Appellee.

The opinion of the court was delivered by

FENNER, J. Under the remanding ordered by us in our former decree rendered herein and reported in 43 An. 1072, the judge *a quo* has heard testimony "as to the heirship of appellants and their right to appeal;" and that testimony, together with the certified finding of the judge, in favor of appellants, are now brought up, and should have been filed as a supplement to the original transcript and under the same title and number.

We disregard its filing as a separate transcript under a different number.

We have no concern with the finding of the judge *a quo* on this

remanding, except as affecting appellants' right and interest to appeal, and to examine whether it is sustained by the testimony taken.

That testimony clearly establishes the heirship of appellants and their right and interest to take the appeal, which they presented here in November last. We have nothing more to do with this testimony, and take up the appeal precisely as it stood when remanded.

That appeal was taken from a judgment recognizing the widow of the decedent as widow in community and as his sole heir, and putting her, as such, in possession of all his property, rights and credits, assets and estate of every nature.

The judgment, in so far as it recognizes the surviving widow as heir and puts her in possession of the decedent's estate, is an obvious nullity for want of compliance with the express requirements of the law.

Article 949, R. C. C., reads: "Natural children and the surviving husband or wife, before being put into possession of the estate left to them, are not considered as having succeeded to the deceased from the instant of his death, but they do not the less transmit their rights to their heirs, if they die before having made their demand to be put into possession. The reason is, that this sort of heirs having only a right of action to cause themselves to be put in possession of successions thus falling to them, this right and this action form a part of their successions, which they transmit to their heirs."

Article 930 of the Civil Code provides: "The surviving husband or wife, called to the succession of the other who is deceased, must cause the seals to be affixed on the effects thereof and be authorized to take possession of the same by the judge of the place in which the succession is opened, *after* having caused a true and faithful inventory to be made by a notary, duly authorized to that effect by the judge, in the presence of a person appointed to defend the interests of the absent heirs of the deceased, in case there are any, and *after* having given good and sufficient security as prescribed in the following article:"

Article 931 requires security to the full estimated value of the estate, "to the end of securing the restitution of the estate in case any heir should come forward within the space of three years," etc.

The maxim *le mort saisit le vif, son hoir plus proche et habile a succéder*, does not apply to irregular heirs, such as the surviving spouse.

The law evidently contemplates a proceeding in the nature of an ction taken contradictorily with "a person appointed to defend the

interests of the absent heirs, in case there are any," whose duty it would be to inquire as to the existence of heirs, and to see that the proceedings were properly conducted, that a complete inventory and fair appraisement should be made, and that good and solvent security should be given.

No such representative was appointed in this case; the inventory was taken without the presence of such a representative; no security was required or given; the whole proceeding was entirely *ex parte*.

If we should recognize the validity of such a judgment, the articles of the code above quoted might as well be expunged.

We do not understand that the learned counsel of appellee contests the annulment of the judgment.    He asks that our decree should be accompanied with an express reservation of all the rights of Mrs. Allen as a creditor of her husband, and as widow in community, and of any other nature.    We do not perceive how such rights can be affected by our decree of reversal, which only restores the conditions and rights of parties as they stood before the judgment, or requires such restoration to be made.    But as it can do no harm the reservation will be made.

It is therefore ordered and decreed that the judgment appealed from be annulled, avoided and reversed, and the prayer of the widow to be recognized and put in possession as heir be rejected, without prejudice to her legal rights as widow in community, or as creditor of her husband.    Appellee to pay costs.