No. 13,372.

SUCCESSION OF THOMAS BARBER.
APPLICATION OF CLARA BARBER FOR RECOGNITION AS HEIR, ETC.

SYLLABUS.

1.  A surviving spouse, claiming to be heir of the deceased spouse by reason of the fact that the latter died intestate and left no heirs either in the ascending, descending, or collateral line, is not considered by the law as succeeding to the deceased *from the instant of his death*.

2.  The maxim "*le mort saisit le vif*", etc., does not apply to irregular heirs, such as the surviving spouse.

3. The reason is, that this sort of heir has only *a right of action* to cause himself or herself to be put in possession of the succession thus falling to him or her.

4. And formal proceedings to the end of being recognized as heir and sent into possession must be taken in the manner pointed out by law.

5. A mere *ex parte* order of recognition as heir and putting into possession will be viewed as a nullity.

6. And anyone having an interest, whether as heir or claimant owner of the property, or as creditor of the dead man, or of his succession, may appeal from such judgment.

APPEAL from the Fourth Judicial District, Parish of Morehouse—*Potts, J.*

*Madison & Madison* (*William Andrew Collins* of Counsel) for the Applicant, Appellee.

*Andrew Augustus Gunby* for Woodley Watson and Americus Watson, Opponents, Appellants.

The opinion of the court was delivered by

BLANCHARD, J. Thomas Barber died in the Parish of Morehouse, Louisiana, in July, 1899, leaving an estate worth several thousand dollars.

Clara Barber, as widow in community, survived him. A fortnight following his death she presented a petition to the District Judge in which she averred that her husband had died intestate; that the greater portion of the property left by him pertained to the community of acquets and gains which had existed between them; that her husband left no heirs in either the ascending or descending line, nor yet in the collateral line; that there had been between them no separation from bed and board; and that she was owner in her own right of one-half of the community property, and was, in default of heirs, called by law to the inheritance of the other half, and of the separate property left by the deceased.

She averred her corporeal possession of all the property, her acceptance pure and simple of her husband's succession, her desire to be judicially recognized as his sole heir, and as such placed in the possession of the estate.

The prayer of her petition was in accordance with these allegations.

She asked for no appointment of an attorney for absent heirs, for no proceedings contradictorily with him, for no inventory, bond, etc.

Nor was there any allegation as to debts or no debts due or not due by the deceased, or by the community.

Appended to her petition were the affidavits of two parties—R. D. Marble and J. P. Madison—substantiating the allegations thereof.

On this *ex parte* showing the judge made an order, or rendered a judgment, decreeing that Thomas Barber had died without relations in either descending, ascending, or collateral line, that Clara Barber, as his surviving widow, was his sole heir, that she be recognized as such, and be placed in possession of all his property as owner by inheritance.

Something over three months later, Americus Watson and Woodley Watson presented to the judge a petition for appeal from the aforesaid judgment.

This petition represents that there existed between Thomas Barber and Dorcas Barber, his first wife, a community of acquets and gains to which pertained a large portion of the property left by Thomas Barber at his death, and that the said community owed debts which had never been settled.

It set forth that Americus Watson, as the only surviving child and heir of the said Dorcas Barber, has an interest in that community and the settlement thereof, and that Woodley Watson is a creditor of the Succession of Thomas Barber.

The *ex parte* judgment putting Clara Barber in possession of the estate is averred to be null and void, and that they are aggrieved by the same.

Its reversal is prayed for.

Woodley Watson makes affidavit to the truth of the allegations of this petition for appeal.

An order for a devolutive appeal was made, and that appeal is now before us.

Clara Barber, appellee, files answer in this court denying the material allegations upon which the appeal is based.

She contests the right of an alleged creditor to question the regularity of the proceedings by which she was placed, as heir, in possession of the succession property, and insists that only those claiming to be heirs can raise the question; that one claiming as creditor has his remedy otherwise pointed out by the Code.

She prays the dismissal of the appeal, and, in the alternative, for the remanding of the cause for the purpose of taking testimony upon the alleged right of appeal.

A surviving spouse, claming to be heir of the deceased spouse by reason of the fact that the latter died intestate and left no heirs in either the ascending, descending or collateral line, is not considered by the law as succeeding to the deceased *from the instant of his death.*

The maxim "le mort saisit le vif," etc., does not apply to irregular heirs, such as the surviving spouse.

The reason is, that this sort of heir has only *a right of action* to cause himself or herself to be put in possession of the succession thus falling to him or her.

C. C., 949; Succession of Allen, 44 La. Ann. 801; Willis vs. Elam, 28 La. Ann. 859.

And formal proceedings to the end of being recognized as heir and sent into possession must be taken in the manner pointed out by law. C. C. 930, 931.

See Succession of Nash, 48 La. Ann. 1574.

In the instant case, what was done was entirely informal and *ex parte.*

Clara Barber, claiming the inheritance as surviving widow, is considered as having as yet exercised no "right of action" by which alone she could cause herself to be put into possession.

The judgment appealed from, rendered in no proceeding taken contradictorily with any one, preceded by no "true and faithful inventory to be made by a notary, duly authorized to that effect by the judge, in the presence of a person appointed to defend the interest of the absent heirs of the deceased," succeeded by the giving of no "good and sufficient security" as prescribed by C. C. 931, and based on no legal and sufficient evidence to warrant the decree entered, must be viewed as a nullity.

Succession of Allen, 44 La. Ann. 802-3.

Succession of Fleming, 18 La. Ann. 726; 41st La. Ann. 1093.

It gives Clara Barber no right of possession as heir. It leaves the Succession of Thomas Barber still unopened, unoccupied and unclaimed.

Any one having an interest, whether as claimant owner of the property, or any part of it, or as creditor of the dead man, or his succession, may appeal from such a judgment.

And when one, as claimant owner, or as creditor, appeals therefrom, making oath as to ownership or creditorship, it does not lie in the mouth of the widow of the dead man, herself not in possession under any proceeding or decree that can be recognized as having any validity, to dispute the right of appeal, or to cause the remanding of the case to take testimony as to the right of appeal.

It is not considered that there is any one, as yet, with whom such a contest may be carried on contradictorily in the court a qua, and, therefore, the remanding would avail nothing.

We think, under the circumstances here disclosed, the petition of appeal and affidavit of interest suffice to maintain this appeal, to the end of vacating the void judgment appealed from. Cooley vs. Cooley, 38 La. Ann. 197; 41 La. Ann. 1093.

Were it necessary to pass upon, even remotely, the question whether or not the appellants had indeed any interest as owners or creditors, the proper course would be, under the settled jurisprudence, to remand the cause to try such issue in the court of the first instance, before the same could be considered on appeal.

But here the only question is, can this ex parte judgment stand, tested by the appeal of parties alleging injury and averring under oath an interest as owners and creditors.

In another proceeding on appeal, to-wit:—No. 13,371 on the docket of this court, being a controversy between Woodley Watson and Clara Barber, the one asking to be appointed administrator of the Succession of Thomas Barber, deceased, the other opposing, but, if the succession is to be opened, claiming the superior right of appointment as administratrix, the conclusion has been reached to decree the opening of the Succession and awarding its administration to Clara Barber.

Accordingly, when she qualifies as administratrix, an opportunity will be offered all parties to test, contradictorily with each other, their respective contentions and rights.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be set aside, annulled and vacated, with full reservation of all rights claimed by Clara Barber as widow in community and as heir called to the Succession of Thomas Barber, in a proper proceeding taken pursuant to law, and that the costs of both courts be paid out of property belonging to the Succession of Thomas Barber, deceased.

Rehearing refused.