LAND, J.
This is a petitory action, brought by Frances Scott Glenn against George West, and his lessee, the Gulf Refining Company of Louisiana, to be decreed to be the owner of an undivided one-half interest in certain lands situated in Claiborne parish, and also to recover judgment against defendant company for full value for all oil taken from said lands.
The defendants have filed exceptions of no cause of action based upon the following grounds:
(1) Plaintiff did not allege that either she or her father, Homer Scott, had ever complied with any of the provisions of article 930 et seep of the Civil Code.
(2) Plaintiff did not allege that any inheritance tax had ever been paid upon the irnoperty, or proceedings taken to fix the same.
[1] Article 44 of the Code of Practice provides that—
“The plaintiff in an action of revendieation must make out his title, otherwise the possessor, whoever he be, shall be discharged from the demand.”
In order that a plaintiff in a petitory action may “make out his title,” it is necessary that he must allege a state of facts showing that he has a title.
[2] Plaintiff claims the ownership of the property in this suit as a legal heir of her deceased father, Homer Scott. Whatever rights the decedent acquired as to this property became vested in him as the surviving husband of Lona McGee, who died intestate, and without ascendants, descendants, or col-laterals. Plomer Scott, therefore, was an irregular heir of Lona McGee, and as such he succeeded neither to the ownership nor to the possession of this property at the- date of her death, and plaii-tiff, as his legal heir, acquired no greater rights than deceased possessed at the opening of his succession.
The petition fails to allege that Homer Scott was legally put into possession of the estate left him by uona McGee. 1-Ie, therefore, is not considered as having succeeded to the' deceased from the instant of her death. As an irregular heir, he had only a right of action to cause himself to be put into possession of the succession falling to him, and this right of action, forming a part of his succession, was all that he transmitted at the moment of his death to the plaintiff. O. C. art. 949.
Nor do we find in the petition in this case that plaintiff, prior to the institution of this suit, has at any time exercised her right of action as the legal heir of Homer Scott, deceased, to be placed in possession of the estate of Lona McGee.
The maxim, “Le mort saisit le vif,” does not apply to irregular successions. Succession of Allen, 44 La. Ann. 801, 11 South. 42 ; Succession of Barber, 52 La. Ann. 963, 27 South. 363.
[3] The surviving husband called to the succession of his wife must be authorized to take possession of the same by the judge of the place in which the succession is opened, after having caused a true and faithful inventory to be made by a notary public duly authorized to that effect by the judge, in the presence of a person appointed to defend the interests of the absent heirs of the de *525 ceased, and after having given good and sufficient security. C. C. art. 930.
The law contemplates a proceeding conducted contradictorily with the representative of the absent heirs, the taking of an inventory by a duly appointed notary in the presence of such representative, and the giving of good and sufficient security for the protection of such absent heirs, before a legal and valid judgment can be rendered, putting the surviving husband in possession of his wife’s succession.
An ex parte judgment, placing the surviving spouse in possession of the succession to which he or she may be called, without the taking of an inventory, and without some one to represent absent heirs is void. Succession of Barber, 52 La. Ann. 963, 27 South. 363 ; Succession of King, 124 La. 819, 50 South. 735 ; McWilliams v. Stair, 128 La. 757, 55 South. 343.
[4] It follows, therefore, that an irregular heir, or his legal heir, has no standing in court in a petitory action, unless a judgment has been first obtained putting him or his legal heir into possession of an irregular succession; the allegation of the mere right of action to be placed in possession of an irregular succession not being a sufficient profert in curia upon which to base an action in revendieation.
As the first ground upon which the exception of no cause of action is based in this case is sound, and as it is sufficient to sustain these exceptions as well founded, we do not deem it necessary to discuss the second ground as to the failure of the petition to set forth that an inheritance tax had been paid, as a prerequisite to plaintiff’s right to be placed in possession of the property claimed by her in this suit.
The judgment appealed from is therefore affirmed.
Rehearing refused by the WHOLE COURT.