## WIMBERLY v. KING et al.
### No. 5510.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

Goff & Goff, of Arcadia, for appellants.
Robert H. Wimberly, of Arcadia, for appellee.

HAMITER, Judge.

In his petition, plaintiff alleges that he is the owner of an undivided one-half interest in and to a certain specified 40-acre tract of land in Bienville parish, La., and that the remaining one-half interest is owned by defendants John King, Mary Jane King Moseley, Tiney King Clover, and Ike J. King; that he acquired said interest from J. W. Campbell, who had previously obtained it from one H. C. Cockerham; that the latter had received title to the mentioned tract, and to other property, under a patent from the United States government, dated February 12, 1903, at which time said patentee was legally married to and living with Betty King Cockerham; and that said property belonged to the community of acquets and gains existing between said husband and wife.

Plaintiff further avers that said Henry. C. Cockerham and Betty King Cockerham lived together as man and wife until some time during the year 1927 or 1928, when the latter died; that there was no issue of the marriage between said husband and wife; that Betty King Cockerham left no ascendants or descendants, except four natural children born to her before the aforementioned marriage and who are the above-named defendants; and that said natural children were acknowledged, reared, and recognized by decedent, Betty King Cockerham, as her children and are her sole and only heirs.

It is further alleged by plaintiff that there has never been any mortuary proceedings in the succession of Betty King Cockerham; that he is unwilling to remain any longer as owner in indivision of said property with the defendants herein, and desires a partition thereof by licitation; and that said property cannot be divided in kind because some of it is open and the remainder in woods, and a house and other improvements are situated thereon.

The petition further recites that plaintiff paid all taxes on the property for the years 1930 to 1935, inclusive, amounting to $91.21; and that he built a barn, dug a well, and provided terracing on the land.

The sheriff and ex officio tax collector of Bienville parish was made a party to the suit.

As defendant Ike J. King is a nonresident of the state of Louisiana, a curator ad hoc was appointed to represent him.

The prayer of the petition is that the natural children be recognized as the owners by inheritance from their mother of an undivided one-half interest in the tract and sent into possession thereof, free of any inheritance tax, and that an inventory and appraisement of it be made; that a partition of the property by licitation be ordered; that plaintiff have judgment against the defendant children for their pro rata part of the taxes paid by him, and for one-half of the value of the improvements which he placed on the property; that said property and improvements be inventoried and appraised separately; and that attorney's fees in the amount of $50 be fixed for effecting the partition.

Exceptions of no cause and no right of action were filed by the defendant natural children, and were overruled.

The answer of said defendants denies generally the allegations of fact contained in the petition.

Later a supplemental answer was filed in which defendants averred:

"In the alternative, and only in case the court should finally hold that plaintiff has a cause of action and should hold that defendants owe for taxes alleged to have been paid, and for improvements, and only in case the court should hold them coowners, then and in that case only, they show:

"(a) They disclaim any improvements and require that plaintiff remove them and that they be relieved from meeting any claim of plaintiff concerning the said alleged improvements.

"(b) That their interest in the property was worth the amount of at least Fifty, Dollars per year for the six years plaintiff claims to have owned and had possession of said property, and the taxes should be offset by rents, and the rights of defendants reserved to sue for any balance that might be due them for the use of their interest in said land."

On the merits of the case there was judgment recognizing the natural children as the sole heirs of their mother, and, therefore, the owners of an undivided one-half interest in the 40-acre tract; ordering a partition of the property by licitation; fixing the fee of plaintiff's attorney in the proceeding at $50, and the fee of the curator ad hoc at $10; rejecting plaintiff's claim for taxes and improvements and also the claims asserted by defendants in their supplemental answer; and decreeing that all costs of the proceed-

ing be deducted from the proceeds of the sale before distribution among plaintiff and defendants, except the attorney's fees, which are to be paid by plaintiff.

Defendants appealed from the judgment. Plaintiff has answered the appeal, asking that the decree be amended by allowing his claim for alleged taxes paid and for the value of improvements placed on the land, and that, as amended, it be affirmed.

The exceptions of no cause and no right of action are reurged in this court. Thereunder, defense counsel contends, among other things, that plaintiff's action cannot be maintained, for the reason that H. C. Cockerham, the husband of the mother of the defendant natural children, was not made a party to the proceeding. We think there is merit in this contention.

The defendant natural children are irregular heirs, and are not considered in law as having succeeded to their deceased mother, with reference to her estate, from the instant of her death. They have only a right of action to cause themselves to be recognized as owners and as such put into possession of said estate. Civ.Code, art. 949; Glenn v. West, 151 La. 522, 92 So. 43, 44.

The maxim "le mort saisit le vif" does not apply to irregular successions. Succession of Allen, 44 La.Ann. 801, 11 So. 42; Succession of Barber, 52 La.Ann. 960, 27 So. 363; Glenn v. West, supra.

Until formally recognized and placed in possession of the succession, by order of court and in the manner pointed out by law, they cannot be considered as owners thereof (Veith v. Meyer, 166 La. 453, 117 So. 552), and are not competent to stand in judgment in a partition proceeding involving the succession property.

Article 925 of the Civil Code provides:

"Children called to the succession of their natural father or mother, in the cases mentioned in the preceding articles, are permitted to take possession of the succession which has fallen to them only by the order of the judge of the parish in which the succession is opened."

In Glenn v. West, supra, the Supreme Court said:

"Homer Scott, therefore, was an irregular heir of Lona McGee, and as such he succeeded neither to the ownership nor to the possession of this property at the date of her death, and plaintiff, as his legal heir,

acquired no greater rights than deceased possessed at the opening of his succession. * * *

"It follows, therefore, that an irregular heir, or his legal heir, has no standing in court in a petitory action, unless a judgment has been first obtained putting him or his legal heir into possession of an irregular succession; the allegation of the mere right of action to be placed in possession of an irregular succession not being a sufficient profert in curia upon which to base an action in revendication."

Plaintiff not only seeks in this proceeding a partition by licitation of the property, but he also prays that the defendant children be recognized, under a judgment of court, as the owners by inheritance of the one-half interest owned by their mother and, as such, sent into possession thereof. As before seen, he alleges that there has never been any mortuary proceeding in the succession of their mother, Betty King Cockerham.

It is provided in article 918 of the Civil Code that:

"Natural children are called to the legal succession of their natural mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred.

"In case the natural mother has lawful children or descendants, the rights of the natural children are reduced to a moderate alimony, which is determined by the rules established in the title: Of Father and Child."

The procedure to be followed in the placing of natural children in possession of the estate of their mother is to be found in Civil Code, art. 926. This reads:

"If the succession be that of the natural mother deceased without legitimate children, the putting into possession of the natural children shall not be pronounced without calling the relations of the deceased, who would have inherited in the default of the natural children, if they are present or represented in the State; or without appointing a person to defend them, if they are absent."

According to plaintiff's allegations, Betty King Cockerham left no legitimate ascendants or descendants. However, the husband, H. C. Cockerham, survived her. As the property in question belonged to the community existing between said wife and husband, the latter would have inherited it in default of the natural children. Civil Code, art. 915.

The husband was not called in or made a party to this proceeding. Therefore, if he is deemed a relation of decedent within the meaning and intendment of that provision of Civil Code, art. 926, supra, reading that "the putting into possession of the natural children shall not be pronounced without calling the relations of the deceased, who would have inherited in the default of the natural children," then the defendants cannot be judicially recognized herein and sent into possession of the interest left by their mother.

Webster's New International Dictionary gives the following definition for the word "relation": "a person connected by consanguinity or affinity; a relative; a kinsman or kinswoman; specif., as technically construed in law (as in the interpretation of wills, statutes affecting the descent of property, etc.); a person who in case of intestacy would be entitled to a share of the property of the intestate under the statute of distributions in force in the jurisdiction in question."

The petition does not disclose whether decedent left any brothers or sisters or other collaterals; but, even if such relations survived her, the husband's rights of inheritance, in the case at bar, are superior to and have preference over those collaterals. The husband is the one who would inherit in default of the defendant natural children. By reason of this and the aforegiven definition, we are of the opinion that the word "relations" as used in Civil Code, art. 926, supra, contemplates all persons connected with decedent by consanguinity or affinity who would have succeeded to the latter's estate in default of the natural children, and that, therefore, the husband, H. C. Cockerham, is such a relation.

As the defendants cannot be decreed in this proceeding to be the owners of the outstanding one-half interest because of H. C. Cockerham's not being called, and consequently are incompetent to stand in judgment herein, plaintiff's request for a partition by licitation must be denied.

For the reasons assigned, the judgment of the trial court is reversed and set aside, and there is now judgment sustaining defendants' exception of no cause of action and dismissing plaintiff's suit at his cost.