**178 So. 627**

**Succession of GIORDANO.**

**No. 34427.**

Jan. 10, 1938.

I. E. Uzzo and James J. Landry, both of New Orleans, for appellant Gaetano Cilluffo.

F. A. Middleton and Theodore Cotonio, both of New Orleans, for appellee Albert Quenqui.

PONDER, Justice.

This is an appeal from a judgment dismissing plaintiff's suit on an exception of nonjoinder of parties.

The first proceeding brought in this succession was a petition by Gaetano Cilluffo, Mrs. Josephine Quenqui, wife of Anthony Bayola, and Albert Quenqui, Jr., wherein they alleged that their mother, Mrs. Vicenzia Giordano, died intestate on July 14, 1931, leaving four children, viz., Josephine Quenqui, wife of Anthony Bayola, Frank Quenqui, and Albert Quenqui, Jr., issue of her marriage with Albert Quenqui, and Gaetano Cilluffo, issue of a former marriage of their deceased mother; that they were the only heirs of their deceased mother and all of full age of majority; that their deceased mother left certain property; and prayed that an inventory of the property left by their deceased mother be made in the manner prescribed by law. Upon order of the court the property was inventoried and appraised. There were no further proceedings taken in the succession until the plaintiff, Gaetano Cilluffo, filed a petition on May 9, 1935, alleging that his deceased mother died intestate on the 14th day of July, 1931; that he was born of a relation in cohabitation between his mother and petitioner's father, Nicholas Cilluffo; that his father and mother were never married; that he was acknowledged by his father and mother; that some time after plaintiff's birth his father and mother discontinued living together and cohabiting with each other; that on September 26, 1910, she married Albert Quenqui, who survives her; that there are no children born of the marriage of his mother and Albert Quenqui; that plaintiff's mother and Albert Quenqui, prior to their marriage, operated a business in partnership; that subsequent to the marriage they acquired both movable and immovable property; that Albert Quenqui, since the death of plaintiff's mother, has taken possession of the whole of the property; that plaintiff desires to assume his virile share of the debts of the succession and to be recognized as his mother's sole heir at law; and prayed that Albert Quenqui be cited to answer the proceedings had and for judgment recognizing Albert Quenqui, the surviving spouse, and as such sent into possession of an undivided one-half of the property; and that plaintiff be recognized as the only heir at law of his deceased mother and sent into possession of the other undivided one-half of the property. There were various exceptions filed to the plaintiff's petition, among which was an exception of nonjoinder of parties plaintiff and parties defendant.

Upon the trial of the case the court stated that it erred in not maintaining the exception of nonjoinder originally, and continued the case in order that the plaintiff might make the proper parties to the suit. The plaintiff failing to make the proper parties to the suit, the defendant filed a rule to dismiss plaintiff's suit. The plaintiff's suit was

dismissed without prejudice, and the plaintiff appealed.

The judgment of the lower court was correct in dismissing plaintiff's suit. Article 925 of the Revised Civil Code reads:

"Children called to the succession of their natural father or mother, in the cases mentioned in the preceding articles, are permitted to take possession of the succession which has fallen to them only by the order of the judge of the parish in which the succession is opened."

Article 926 of the Revised Civil Code reads:

"If the succession be that of the natural mother deceased without legitimate children, the putting into possession of the natural children shall not be pronounced without calling the relations of the deceased, who would have inherited in the default of the natural children, if they are present or represented in the State; or without appointing a person to defend them, if they are absent."

Article 949 of the Revised Civil Code reads:

"Natural children and the surviving husband or wife before being put into possession of the estate left to them, are not considered as having succeeded to the deceased from the instant of his death; but they do not the less transmit their rights to their heirs, if they die before having made their demand to be put into possession. The reason is, that this sort of heirs having only a right of action to cause themselves to be put into possession of successions thus falling to them, this right and this action form a part of their succession, which they transmit to their heirs."

This court has repeatedly held that the maxim "Le morte saisit le vif" does not apply to irregular heirs, and that in case of irregular heirs the law contemplates a proceeding in the nature of an action taken contradictorily with the relations of the deceased, who would have inherited in default of the natural children, if they are present or represented in the state or with a person appointed to defend the interest of the absent heirs, in case there are any, whose duty it would be to inquire as to existence of heirs, and to see that the proceedings were properly conducted. Succession of Allen, 44 La.Ann. 801, 11 So. 42; Succession of Barber, 52 La.Ann. 960, 27 So. 363; Puyoulet v. Gehrke, 143 La. 315, 78 So. 571; Glenn v. West, 151 La. 522, 92 So. 43; Veith v. Meyer, 166 La. 453, 117 So. 552; Succession of Wells, 184 La. 523, 166 So. 488.

Since it is alleged in the first petition filed by the plaintiff and others that there are other children of the deceased, the other children should properly be made parties to the suit.

For the reasons assigned, the judgment is affirmed.