401 So.2d 674 (1981)
Mrs. Jerry SMITH, Born Cheryl Edlyn Stephens, Plaintiff-Appellant,
v.
Roy B. STEPHENS, Dow L. Stephens and Jeanette Stephens Proctor, Defendants-Appellees.
No. 8330.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Woodley, Barnett, Cox, Williams & Fenet, Robert W. Fenet, Lake Charles, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Robert G. Nida, Alexandria, Simms, Tillman & Fontenot, Elvin C. Fontenot, Cabra, Leach & Tilley, Edwin L. Cabra, Thomas A. Self, Leesville, for defendants-appellees.
*675 Before CULPEPPER, FORET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Mrs. Jerry Smith, born Cheryl Edlyn Stephens, instituted this suit against the legitimate heirs of James Edward Stephens and other defendants including Roy O. Martin Lumber Company seeking recognition as a surviving child and irregular heir of James Edward Stephens. As an illegitimate child and irregular heir, plaintiff claims she is entitled to an interest in the Stephens estate or alternatively, to one-fourth the value of the Stephens estate.
Roy O. Martin Lumber Company, the purchaser of a portion of the Stephens estate property, filed a dilatory exception of prematurity based upon plaintiff's failure to first obtain a judgment recognizing her as an irregular heir and placing her in possession of the Stephens succession. The trial court sustained the exception of prematurity and dismissed without prejudice plaintiff's suit against Roy O. Martin Lumber Company. Plaintiff appeals.

MOTION TO DISMISS
The defendant-appellee, Roy O. Martin Lumber Company, moves to dismiss the appeal of the plaintiff-appellant, Mrs. Jerry Smith, contending the trial court ruling is a non-appealable interlocutory judgment. We deny the motion to dismiss the appeal.
The plaintiff claims to be the daughter of Louise Callie Stephens and James Edward Stephens.[1] At the time of her birth, James Edward Stephens was married to Jeanette D. Stephens. From this marriage three children were born: Roy B. Stephens, Dow L. Stephens and Jeanette Stephens Proctor. James Edward Stephens died in 1959. On August 10, 1959, the judgment of possession rendered in his succession recognized Roy B. Stephens, Dow L. Stephens and Jeanette Stephens Proctor as his surviving children and sole heirs. In 1971, Roy O. Martin Lumber Company purchased property formerly belonging to the estate of James Edward Stephens.
Plaintiff instituted this suit against Roy O. Martin Lumber Company and several other defendants seeking recognition as a surviving child and heir of James Edward Stephens entitled to an undivided one-fourth interest in all the property owned by James Edward Stephens at his death. Alternatively, plaintiff seeks a money judgment for one-fourth the value of James Edward Stephens estate. The plaintiff's claim is founded upon her being the illegitimate child and irregular heir of James Edward Stephens.
The Roy O. Martin Lumber Company filed a dilatory exception of prematurity based upon plaintiff's failure to first obtain a judgment recognizing her as an irregular heir and putting her into possession of the Succession of James Edward Stephens. The trial court sustained the dilatory exception of prematurity and dismissed plaintiff's suit without prejudice.
The dismissal of a suit as the result of sustaining a dilatory exception of prematurity is a dismissal without prejudice.[2] A dismissal without prejudice is a final judgment from which an appeal will lie. Pasquier, Batson & Co. v. Ewing, 367 So.2d 28 (La.App. 2nd Cir. 1978), writ den., 368 So.2d 136 (La.1979); Butler v. Flint-Goodridge Hosp. of Dillard U., 346 So.2d 1131 (La.App. 4th Cir. 1977); Rapides Savings & L. Ass'n v. Lakeview Develop. Corp., 326 So.2d 511 (La.App. 3rd Cir. 1976); Lee v. Carruth, 217 So.2d 718 (La.App. 3rd Cir. 1969), writ ref'd, 254 La. 470, 223 So.2d 873 (1969); People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3rd Cir. 1966).
The motion to dismiss the appeal is denied.

*676 ON THE MERITS
We take the liberty of quoting the trial judge's scholarly analysis of the issue before the court.
The original petition filed by the plaintiff herein on August 2, 1977, named as defendants in this action Roy B. Stephens, Dow L. Stephens and Jeanette Stephens Proctor.
The plaintiff in this action was born July 16, 1952, purportedly the issue of an adulterous union between James Edward Stephens (also known as J. Ed Stephens), age 57, and Louise Callie Stephens, age 28 years. Although their surnames appear the same, James Edward Stephens and Louise Callie Stephens were unrelated.
For many years prior to the year 1952 James Edward Stephens had been married to Jeanette Dow Stephens which marriage was dissolved by decree of divorce rendered on the 7th day of February 1957 in an action bearing number 14,179 on the docket of the Thirtieth Judicial District Court, Vernon Parish, Louisiana.
It is undisputed that the defendants named in the original petition were children born issue of the marriage of Jeanette Dow Stephens and James Edward Stephens. The three children named as defendants herein were recognized as the sole and only heirs of J. Ed Stephens (James Edward Stephens) who died intestate on December 10, 1957 and were placed in possession, in the proportions of an undivided one-third interest to each, of the property, both movable and immovable, which was owned by him at the time of his death by a judgment dated August 10, 1959 rendered in proceedings styled "Succession of J. Ed Stephens" number 2543 on the docket of the Thirtieth Judicial District Court, Vernon Parish, Louisiana.
In her petition the plaintiff seeks to be recognized as an heir and to be recognized as entitled to the ownership and possession of an undivided one-fourth interest in and to all of the property owned by J. Ed Stephens at the time of his death, or alternatively, for judgment against the defendants for an amount equal to one-fourth of the value of the decedent's estate together with interest, etc.
A first supplemental and amending petition filed on November 2, 1979 alleges that portions of the property of the estate of Mr. Stephens has been transferred to other persons or entities and makes these last transferees, including Roy O. Martin Lumber Company, a defendant in these proceedings.
On May 16, 1980 Roy O. Martin Lumber Company filed a dilatory exception of prematurity contending that (a) the plaintiff is at best an irregular heir of the decedent, and (b) an action to be declared owner of an undivided interest in immovable property owned of record by exceptor is premature until the plaintiff has first been recognized as an heir and placed in possession of succession property. This exception is before the Court.
R.C.C. Article 919, as it existed prior to the year 1980, effected a total statutory disinheritance of acknowledged illegitimate children whose natural fathers were survived by either legitimate descendants, ascendants, collaterals, or surviving spouse. Only the state was excluded from inheritance by virtue of the existence of an acknowledged illegitimate child. Article 919 was declared unconstitutional in Succession of Sidney Brown, Jr., Ct.App. 2nd Cir. (1980) 379 So.2d 1172; Rehearing denied February 29, 1980. The Louisiana Supreme Court granted writs to consider the question of constitutionality. The decision of the Second Circuit Court of Appeals striking down Article 919 was affirmed. See Succession of Sidney Brown, Jr., Sup.Ct. (1980) 388 So.2d 1151; Rehearing denied October 24, 1980.
Although it appears from the argument of counsel, the briefs filed herein and the records of other judicial proceedings to which reference has been made that the plaintiff was conceived of an illicit union between her mother, Louise Callie Stephens, and James Edward Stephens, the plaintiff's pleadings (original petition and first and second supplemental and amending petition) do not allege any acknowledgment of paternity by James Edward Stephens. *677 Only by reading between the lines can the illegitimacy of the plaintiff be discerned.
It is, however, apparent that that plaintiff did not fall within the category of "legitimate" child at the time of her birth. The purported father was married to a woman other than plaintiff's mother at the time of both conception and birth. There are no allegations concerning a prior marriage of plaintiff's mother nor is there any evidence before the Court to establish whether she had been married or whether, when and how that marriage was dissolved.
Chapters 1 and 2 of Title VII of the Louisiana Civil Code (Articles 178-212 inclusive) were amended by Act 607 of 1979. Nevertheless, under the provisions of R.C.C. 180, plaintiff's rights began as those to which an illegitimate child may have. This is not to say, though, that plaintiff may not be able to establish some rights in this matter.
There has been no contention and no showing that plaintiff was born of an incestuous union, and, consequently, it is possible that she may have acquired almost the full panoply of rights to which a legitimate child would be entitled. Both before and after its amendment R.C.C. Article 198 provides that a child born out of marriage may be legitimated by the subsequent marriage of his or her father and mother, if formally or informally acknowledged, either before or after the marriage. If acknowledged and if the mother and father were subsequently married, an illegitimate child has the same rights as a child born issue of the marriage. See R.C.C. Article 199.
As previously pointed out, these proceedings do not allege any acts of acknowledgment. It is not alleged that there exists any notarial act executed by James Edward Stephens pursuant to the provisions of R.C.C. Article 200 or R.C.C. Article 203 for the purpose of either legitimation or acknowledgment. The execution of such an act is expressly authorized for those purposes. Also the act authorized by Article 203 is not the sole means of acknowledging a child. The jurisprudence is to the effect that one may acknowledge a child informally by holding the child out as his or hers, without concealment and with general community knowledge of the relationship. There are likewise no allegations or proof of such informal acknowledgment.
Perhaps more important is the fact that there are no allegations or evidence to establish that James Edward Stephens and Louise Callie Stephens were ever married. Although not precluded from proving a paternal relationship with the decedent, the illegitimate cannot claim legitimate status in the absence of notarial legitimation (R.C.C. Art. 200) or acknowledgment, formal or informal, and marriage of the mother and father.
R.C.C. Article 208 provides that illegitimates who have not been acknowledged by notarial act (R.C.C. Art. 203) may be allowed to prove their paternal descent. The manner of proof of such descent is treated by R.C.C. Article 209. Needless to say, such proof requires allegation and evidence to establish the truth of the facts sought to be proved.
Plaintiff's counsel apparently assumes that the Supreme Court in striking down Article 919 has accorded to an illegitimate the full rights of legitimate status without the necessity of proving his or her entitlement to those rights. The writer disagrees with that contention.
In Brown the Court struck down the exclusionary provision of R.C.C. 919 as an unreasonable discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and of Article 1, Sec. 3 of the Louisiana Constitution of 1974. The Court did not establish an illegitimate, not acknowledged, as an heir.
The state has an interest in providing for the orderly descent of succession property and for stable land titles. These interests were recognized as permissible state interests in Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503. Lalli recognizes that problems inherent in the notion of simply treating illegitimates like all other heirs of *678 an intestate father, and, giving effect to the interest of the state, held that the requirement of the New York statute that, in order to inherit, the illegitimate must obtain a filiation order during the father's lifetime was "substantially related" to an important state interest, i. e., just and orderly disposition of property at death, and was thus not unconstitutional under the Equal Protection Clause. It is to be noted that the New York statute did not simply and arbitrarily exclude all illegitimates if other heirs existed as did Article 919. It does not appear to be arbitrarily, capriciously or unreasonably discriminatory to require that an illegitimate be required to prove paternity and acknowledgment, either formal or informal, prior to being considered eligible to succeed to the estate of an intestate father. Nor is it arbitrarily, capriciously or unreasonably discriminatory to provide, in the interest of orderly devolution of property and the stability of land titles, that illegitimates should be treated as irregular heirs, entitled to possession of succession property only from the date of his or her recognition by a court of competent jurisdiction.
The removal of the exclusion embodied in R.C.C. 919 leaves the statutory posture of the law of Louisiana such as to permit an illegitimate to prove paternity and acknowledgment and thus be recognized as an heir. See R.C.C. Arts. 208, 209, 925 and 949.
Such an heir of an intestate decedent would be an irregular heir as distinguished from a legal heir or legatee. Under the provisions of R.C.C. Article 949 irregular heirs do not succeed from the moment of death under the doctrine le mort saisit le vif. On the contrary, they must be recognized and placed in possession. In Hibbert v. Mudd, Sup.Ct. (1974) 294 So.2d 518, 522 it was said:
`We have previously indicated that the claimants herein were issue of miscegenous and adulterous unions. At best, they were irregular heirs. Unlike regular heirs who enjoy seizin, and who succeed to ownership of the decedent's estate at the moment of death without benefit of formal proceedings (Article 944 C.C.), the doctrine `Le mort saisit le vif' does not apply to irregular heirs. Succession of Barber, 52 La.Ann. 960, 27 So. 363 (1900); Glenn v. West, 151 La. 522, 92 So. 43 (1922); Succession of Giordano, 188 La. 1057, 178 So. 627 (1938); Wimberly v. King, 179 So. 515 (La.App. 1938).
`An irregular heir has only a right of action to have himself placed in possession. Such an heir owns no interest in the property until contradictory proceedings are filed with other irregular heirs or claimants and a judgment secured recognizing him as owner. Article 949 Civil Code; Succession of Allen, 44 La. Ann. 801; 11 So. 42 (1892); Glenn v. West, 151 La. 522, 92 So. 43 (1922); Succession of Giordano, 188 La. 1057, 178 So. 627 (1938).' (emphasis added)
In line with the reasoning and the authorities set forth hereinabove it is the opinion of the writer that, as of this date, the plaintiff has a right of action in which she may seek to have herself declared an irregular heir of the decedent, James Edward Stephens. As a part of such an action she may allege her paternity and the acknowledgment of the relationship and offer evidence to prove those allegations. If she is successful in meeting her burden of proof, she is entitled to recognition as an irregular heir. Until she had done so, she has no ownership interest in the property belonging to the succession of her alleged father. She likewise is premature in asserting any cause of action connected with those properties.
It is, accordingly, the opinion of the writer that the exception of prematurity should be sustained. Article 933 of the Code of Civil Procedure provides expressly that if the exception of prematurity is sustained, the suit shall be dismissed. Such dismissal is, however, without prejudice to the right of the plaintiff to bring her suit again when the action has matured.
For the reasons set forth hereinabove the exception of prematurity is sustained, and, upon presentation, judgment will be signed dismissing the suit, without prejudice insofar, *679 and only insofar, as it affects exceptor."
We conclude, as did the trial judge, that the rule of law announced in Glenn v. West, 151 La. 522, 92 So. 43 (1922) and Hibbert v. Mudd, 294 So.2d 518 (La.1974), is controlling, i. e. that plaintiff, an irregular heir, has only the right of action to have herself placed in possession, owning no interest in the succession property until contradictory proceedings are filed with other irregular heirs or claimants and a judgment secured recognizing her as owner.
Plaintiff in brief to this court directs us to Kuchenig v. California Company, 410 F.2d 222 (5th Cir. 1969). The issue in the Kuchenig case was whether an individual who was "equitably adopted" in Missouri would be recognized as a "lawfully adopted" person under Louisiana law. Since that case did not deal with the rights of an irregular heir, as plaintiff herein contends, it is of no benefit to this court.
For the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.
CULPEPPER, Judge, concurring.
I concur in the majority opinion except for the language which indicates that seizin equates with ownership. In Baton v. Taylor, 386 So.2d 333 (La.1979), our Supreme Court held that seizin is not ownership. The opinion states:
"The redactors of the Code of 1928 made the distinction between ownership and seizin clear when they adopted the French system of succession, which embodies two different concepts: (1) Ownership rights of the heir are vested from the moment of the death, and (2) seizin, the faculty of claiming and exercising possession, is acquired by either the forced heirs, the universal legatee or the legitimate heirs at the moment of death. Lazarus, supra, at 201; Comment, 49 Tul.L.Rev. 1110, 1111 (1975); 1 Louisiana Legal Archives, Projet of the Civil Code of 1825 at 115. In other words, as Planiol observes:
"Seizin has nothing to do with the transfer of property, which takes place immediately, whether it is in favor of heirs who have seizin, or who are deprived of it. It affects only the taking of possession of the estate, which takes place in two forms, one for the property in kind, the other for the rights of action. 3 Planiol, supra, Sec. 1938, pp. 604-05."
In the present case, the plaintiff, being an illegitimate child, is an irregular heir without seizin. LSA-C.C. Articles 925 and 949. This means that the plaintiff cannot take possession of or claim any interest in the property of the succession until she has filed a suit, proved that she is an irregular heir and obtained a judgment recognizing her as such. See Hibbert v. Mudd, 294 So.2d 518 (La.1974) and the cases cited therein. Our decision in the present case does not deprive plaintiff of any ownership rights which she may have. The issue of her ownership rights is not before us. The only issue is whether she must follow the procedures set out in our Civil Code for the orderly presentation of her rights. For a full discussion of the sources and the effect of the civil law concept of seizin, see 3 Planiol, Part 1, numbers 1929-1943 A, pages 601-608.
The requirement of a prior court order or judgment recognizing an illegitimate heir appears to be very similar to the "filiation order" held to be a permissible state statute requirement in Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503.
NOTES
[1] Although their surnames appear to be the same, James Edward Stephens and Louise Callie Stephens are unrelated.
[2] See Official Revision Comment (c) following LSA-C.C.P. Art. 933.