412 So.2d 570 (1982)
Mrs. Jerry SMITH, Born Cheryl Edlyn Stephens
v.
Roy B. STEPHENS, Dow L. Stephens and Jeannette Stephens Proctor.
No. 81-C-2008.
Supreme Court of Louisiana.
April 5, 1982.
*571 Robert W. Fenet, Woodley, Barnett, Cox, Williams & Fenet, Lake Charles, for relator.
Robert G. Nida, Gold, Little, Simon, Weems & Bruser, Alexandria, Edwin L. Cabra, Cabra, Leach & Tilley, Elvin C. Fontenot, Jr., Simms, Tillman & Fontenot, Thomas A. Self, Leesville, for respondents.
BLANCHE, Justice.
Plaintiff in this suit, Mrs. Jerry Smith, born Cheryl Edlyn Stephens, seeks recognition as a surviving child and irregular heir of James Edward Stephens, and claims an interest in the Stephens estate. Named as defendants in the action are the legitimate heirs of James Edward Stephens and several purchasers of property forming a part of the Stephens estate.
Roy O. Martin Lumber Company, the purchaser of a portion of the Stephens estate property, filed a dilatory exception of prematurity, based upon plaintiff's failure to obtain a judgment recognizing her as an irregular heir prior to claiming an interest in the succession property. This exception was sustained by the trial court and suit against Roy O. Martin Lumber Company was dismissed. On appeal by plaintiff, the Third Circuit affirmed. 401 So.2d 674 (La. App.). We granted plaintiff's application for writs to determine the correctness of this ruling by the lower courts.
Cheryl Edlyn Stephens was born July 16, 1952, purportedly the issue of an adulterous union between James Edward Stephens (also known as J. Ed Stephens) and Louise Callie Stephens. Although their surnames appear the same, James Edward Stephens and Louise Callie Stephens were unrelated. At the time of plaintiff's birth, James Edward Stephens was married to Jeanette Dow Stephens. Of that marriage, three children were born: Roy B. Stephens, Dow L. Stephens and Jeanette Stephens Proctor. A final divorce ended the marriage in February of 1957.
James Edward Stephens died intestate on December 10, 1957. A judgment of possession *572 was signed on August 10, 1959 in favor of the three children born of James Edward Stephens' marriage to Jeanette Dow Stephens, placing each in possession of an undivided one-third interest in property owned by Stephens at the time of his death. In 1971, Roy O. Martin Lumber Company purchased property formerly belonging to the estate of James Edward Stephens.
In her petition, plaintiff sought to be recognized as an heir and to be recognized as entitled to the ownership and possession of an undivided one-fourth interest in all property owned by James Edward Stephens at the time of his death. Alternatively, plaintiff sought a money judgment in an amount equal to the value of one-fourth of James Edward Stephens' estate. Roy O. Martin Lumber Company opposed the maintenance of plaintiff's suit, filing a dilatory exception of prematurity. For reasons set out in the text below, we find that this exception was improperly titled, and should have been treated as a peremptory exception of no right of action. Nevertheless, both lower courts sustained the exception on the basis of prematurity and we must first discuss their reasons for doing so.
The trial court sustained the dilatory exception of prematurity filed by Roy O. Martin Lumber Company, stating:
[I]t is the opinion of the writer that, as of this date, the plaintiff has a right of action in which she may seek to have herself declared an irregular heir of the decedent, James Edward Stephens. As a part of such an action she may allege her paternity and the acknowledgment of the relationship and offer evidence to prove these allegations. If she is successful in meeting her burden of proof, she is entitled to recognition as an irregular heir. Until she has done so, she has no ownership interest in the property belonging to the succession of her alleged father. She likewise is premature in asserting any cause of action connected with those properties.
The court of appeal affirmed, concluding that under the rule of law announced in Glenn v. West, 151 La. 522, 92 So. 43 (1922) and Hibbert v. Mudd, 294 So.2d 518 (La. 1974), "plaintiff, as an irregular heir has only the right of action to have herself placed in possession, owning no interest in the succession property until contradictory proceedings are filed with other heirs or claimants and a judgment secured recognizing her as owner."
As did both lower courts, we reject plaintiff's argument that this Court's opinion in Succession of Brown, 388 So.2d 1151 (La. 1980), accorded to an illegitimate heir the full rights of legitimate status without the necessity of proving his or her entitlement to those rights. In Brown, we held that both the United States and Louisiana Constitutions prohibit the total denial of inheritance rights to acknowledged illegitimates in the succession of the father who is survived by other relatives. Nevertheless, we acknowledged that the state has a valid interest in providing for the orderly distribution of succession property and stability of land titles. Recognition of that very interest led the United States Supreme Court in Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978), to uphold a New York statute which required illegitimate children who would inherit from their father to secure an order of filiation from a court of competent jurisdiction during the lifetime of the father.
As noted by the trial court, the removal of the exclusion embodied in C.C. art. 919 permits an illegitimate to prove paternity and acknowledgment and, thus, be recognized as an heir. Under C.C. art. 925, illegitimate children are permitted to take possession of a succession that has fallen to them, but only by the order of the judges of the parish in which the succession is opened. Such a requirement, in the interest of orderly devolution of property and the stability of land titles, is not an unconstitutional burden placed upon acknowledged illegitimates.
The plaintiff also contends that the lower courts erred in refusing to allow her to combine her action to be recognized as an irregular heir of James Edward Stephens, and her action claiming an interest in the *573 Stephens estate. In dismissing the suit against Roy O. Martin Lumber Company on an exception of prematurity, the trial court impliedly ruled that the two actions could not be brought in a single suit. We disagree.
In her petition, plaintiff first seeks recognition as a surviving child and heir of James Edward Stephens. Assuming that the plaintiff can prove her entitlement to such recognition, there is no procedural bar to the cumulation of a prayer for recognition as an heir with a claim of interest in the property of the decedent's succession.[1] The cases cited by the lower courts do not require that an illegitimate child's right of action for recognition as an irregular heir be asserted in a wholly separate suit from that in which an interest in the succession property is claimed.
In Glenn v. West, supra, Frances Scott Glenn brought a petitory action against the owner of certain property in Claiborne Parish, claiming ownership as the legal heir of her deceased father, Homer Scott. The petitory action was met with an exception of no cause of action filed by George West. The property in question had formed a portion of the estate of Scott's wife, Lona McGee, who died intestate, and without ascendants, descendants or collaterals. The court noted that Homer Scott, as an irregular heir of Lona McGee, had only a right of action to be placed in possession of her estate, and plaintiff as his legal heir, acquired no greater rights upon her father's death. The exception of no cause of action was sustained, because the plaintiff's petition failed to allege that that right of action had been exercised by Scott before his death; nor did it assert that plaintiff had, at any time, exercised her right of action as the legal heir of Homer Scott, deceased, to be placed in possession of the estate of Lona McGee.
Hibbert v. Mudd, 294 So.2d 518 (La.1974) involved a concursus proceeding, in which R. E. Hibbert sought to determine the ownership of accrued production royalties under an oil and gas lease executed between Edna Mudd Anderson, as lessor, and himself, as lessee. Anderson had died intestate in 1961, without legitimate ascendants, descendants or collaterals. Ownership of the accrued royalties was disputed by two groups of illegitimate relations, each claiming to have succeeded Anderson as irregular heirs. As in Glenn v. West, supra, these heirs had failed to secure judgments placing them in possession of Anderson's estate. For this reason, the judgment of the trial court ordering payment of the royalties to one group of illegitimate relations was reversed.
These cases are a jurisprudential statement of the statutory rule now provided by C.C. art. 949, and establish that a judgment of recognition as an irregular heir is a prerequisite to an assertion of ownership rights in succession property. However, they do not require that recognition be sought and granted in a wholly separate suit before an ownership interest may be claimed. The plaintiff in Glenn v. West, and the claimants in Hibbert v. Mudd, made no attempt to obtain recognition as irregular heirs, either prior to claiming ownership rights in succession property, or contemporaneously with asserting those rights.
The plaintiff in the instant suit does seek a judgment of recognition, although she combines her prayer for recognition with a claim of interest in the Stephens estate. As noted above, such cumulation is not procedurally prohibited. Additionally, all defendants will necessarily be affected by a judgment of recognition, and will have an interest in contesting such an action. As for the defendant succession purchaser, considering the extent to which his ownership interest in the property would be imperiled, it would seem that he would have every reason to object had he not been made a party to the suit. For these reasons, we find that judicial economy will best be served by allowing the plaintiff to seek recognition as an irregular heir of James *574 Edward Stephens and claim an interest in the Stephens succession in a single suit. The judgment of the trial court sustaining the exception of prematurity filed by Roy O. Martin Lumber Company was improperly granted and accordingly, we reverse.
We note, however, that the plaintiff's suit is subject to exception on other grounds. The circumstances alleged in the dilatory exception of prematurity filed by Roy O. Martin Lumber Company could more effectively support a peremptory exception of no right of action.[2] The exception of prematurity is normally applicable in cases in which the obligation is certain, but the right to enforce it has not yet accrued. Pringle Associated Mortgage Co. v. Eanes, 211 So.2d 399 (1st Cir. La.App. 1968), writ ref. 252 La. 887, 214 So.2d 715 (1968). Plaintiff in this case brings suit to enforce an obligation which is at best conditional.
A judgment of recognition is granted to an irregular heir only upon the establishment of filiation between the heir and the deceased relation. Maintenance of a suit for recognition is, therefore, contingent upon a showing by the plaintiff that she is a member of the class to which the relief she seeks is legally available. Where proof of filiation is not contained within the pleadings, a suit for recognition as an irregular heir is subject to an exception of no right of action.[3]
In support of its exception, Roy O. Martin Lumber Co. asserts that the plaintiff's petition does not allege formal acknowledgment or subsequent marriage of her purported parents, or other proof of filiation other than her assertion that she was born of their union. These allegations are insufficient to support a finding that Cheryl Edlyn Stephens is the acknowledged illegitimate daughter of James Edward Stephens. Her suit, therefore, may be met with an exception of no right of action.
The exception of no right of action is employed in cases, where the law affords a remedy, to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends a remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally. Babineaux v. Pernie-Bailey Drilling Company, 261 La. 1080, 262 So.2d 328 (1972).
In Babineaux, the plaintiff, representing her minor children, brought suit for the wrongful death of their alleged father. Therefore, paternity was at issue. The court noted that on an exception of no right of action, evidence is admissible when necessary to support or contradict the exception. C.C.P. art. 931 (1960). Plaintiff in the instant case may introduce evidence of her filiation and, thus, her entitlement to recognition as an irregular heir, at a hearing on the exception of no right of action. If she is successful in proving filiation, the grounds for the exception will be removed, and the suit may proceed.
For the foregoing reasons, the decision of the court of appeal is reversed and the case is remanded to the trial court for a hearing on the exception of no right of action.
NOTES
[1] The venue and jurisdictional requirements for cumulation set out in C.C.P. art. 462 are satisfied by the instant combination of actions, as is the requirement of community interest among the several defendants set out in C.C.P. art. 463.
[2] For instance, proof of filiation may be established by the pleadings through attachment and incorporation of a notarial act of acknowledgment.
[3] Courts should look through the caption of a pleading in order to ascertain its substance and to do substantial justice to the parties. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980).