MARVIN, Judge.
A plaintiff-motorcyclist, who sustained personal injury in an accident with an uninsured motorist the day after plaintiff sought, but either could not or did not, obtain motorcycle liability insurance from a Shreveport insurance agency [Hayes], appeals a judgment that dismissed, on an exception of no right of action, plaintiff’s demands against the Hayes agency for his personal injury damages.
No reasons for judgment were assigned. The trial court apparently thought, as the litigants argue here, that when the plaintiff’s UM carrier under an automobile liability policy, who was a co-defendant in the action, paid plaintiff in a compromise settlement $7,500 by a check “For UM/Bodily injury only”, any further allowance to plaintiff based on UM coverage from the Hayes agency would be contrary to the *160 statutory prohibition against stacking of UM coverage. LRS 22:1406 D (1) since 1977. Courville v. State Farm Mut. Auto. Ins. Co., 393 So.2d 703 (La. 1981); Branch v. O'Brien, 396 So.2d 1372 (La.App. 2d Cir. 1981), writ denied. The briefs of the litigants argue this point. When the automobile liability insurer was dismissed as a defendant under the compromise settlement, plaintiff reserved his rights against other defendants.
Plaintiff also sued Agency Management Corporation [AMC], a Baton Rouge insurance agency, to which the application was addressed and to which the Hayes agency would have forwarded the application for motorcycle insurance if the accident had not occurred. Plaintiff alleged that his automobile liability insurer and AMC insured plaintiff against the negligence of the uninsured motorist who caused him injury. He specifically alleged that he
“filed an application with [Hayes], as agent, and, ... as producer, for motorcycle insurance coverage which was to be placed through [AMC and that Hayes represented that he] could ... bind insurance coverage through [AMC].”
Plaintiff also alleged that
“[AMC and Hayes] are obligated to furnish insurance coverage as per that new application for coverage ... written through [Hayes] as agent of [AMC]” and “that [AMC and Hayes] have breached their contractual duty to furnish insurance coverage ... with an appropriate insurance company and further by failing to inform plaintiff that he did not have adequate insurance coverage ...”
Accepting plaintiff’s allegations of fact as true, we notice that the peremptory exception of no cause of action should lie to these allegations. CCP Art. 927. CC Arts. 3012-3014. In circumstances where an agent of a disclosed principal is alleged to be acting within his authority, an exception of no cause of action will lie insofar as concerns the agent’s personal liability to the person with whom he deals. Haskins v. Clary, 346 So.2d 193 (La.1977).
Plaintiff positions Hayes as an agent for AMC, who was acting with authority to bind AMC, the principal, to procure from an insurance company a policy of motorcycle liability insurance effective the date of the accident. Other than as “agent” of and “through” AMC, Hayes is not alleged to have bound himself personally to plaintiff to procure the policy of motorcycle liability insurance from an insurance company. Haskins, supra. CC Art. 3013.
We note at this juncture that a year after settling his demands against his automobile liability insurer, plaintiff settled his demands with AMC. Plaintiff alleged in a motion to dismiss AMC from the action that he “has compromised all claims ... as a result of the incidents giving rise to this suit against [AMC] ... ” In both settlements, the order of dismissal reserved plaintiff’s rights against the defendants remaining in the action. The only defendants remaining in the action after the settlement were the appellees, Hayes, individually, and Hayes Insurance Service, Inc.
Under plaintiff’s allegations, Hayes could possibly be construed to be an intermediary, or agent for both AMC and plaintiff. CC Art. 3016. In such a case, however, Hayes is not responsible for events which arise, but only as any other agent, who, not being a personal guarantor, is answerable for his fraud or fault. CC Art. 3018. Fault in such circumstances is perhaps suggested if the agent chooses to deal with another principal who is notoriously incapable or of suspicious character, as is set forth in CC Art. 3008.
If Hayes is construed as a guarantor of AMC’s alleged obligation to procure a policy of motorcycle liability insurance effective the date of the accident, the discharge of AMC, as the primary obligor-principal, under plaintiff’s allegations of record, effectively discharges Hayes, the secondary obli-gor-agent, through whom plaintiff alleges AMC is obligated. CC Art. 2205.
Even should we agree with plaintiff’s argument that his automobile liability-UM insurer did not insure him on a motorcycle, we cannot construe the payment made by that insurer to plaintiff in any way other *161 than as being in payment of plaintiff’s “UM/Bodily injury” claims against that insurer. Where a plaintiff may claim UM coverage from more than one insurer, he may arbitrarily make his claim under the policy with the highest UM limits. Branch, supra. Plaintiff’s UM coverage under his automobile liability policy is shown to be $10,000 and his UM coverage, as alleged that AMC was bound to provide him under Hayes’ representations, was $5,000, as shown by the application.
The fact that plaintiff claimed damages from AMC and Hayes because AMC failed to do what its agent bound it to do does not change the result.[1] The damages claimed from AMC and Hayes are based on the amount of UM coverage that AMC was alleged to have been bound to procure. We cannot say that the trial court erred in sustaining the exception of no right of action.[2] Branch, supra.
For these reasons, and further noticing that plaintiff has not alleged a cause of action personally against appellee Hayes, we affirm, at appellant’s cost, the judgment appealed which dismisses plaintiff’s demands.
SEXTON, J., concurs.

. Hayes’ only disclosed principal was AMC.

. The exception of no right of action may be employed to raise the issue whether a plaintiff has the right to invoke a remedy that the law extends only conditionally. Babineaux v. Pernie-Bailey Drilling Company, 261 La. 1080, 262 So.2d 328 (1972); Smith v. Stephens, 412 So.2d 570 (La. 1982).