FORET, Judge.
This appeal is from a judgment dismissing the plaintiffs’ petitory action based upon the trial court’s determination that the plaintiffs had no right of action therein. The issue on appeal is whether an illegitimate child claiming ownership of property of his deceased father, now in the hands of a third party, must first institute a “filiation action” under LSA-C.C. Arts. 208 and 209 before asserting an interest in the property. We reverse the judgment of the trial court.
The plaintiffs, Gayneaux Paul Trahan and Irene Trahan Jeanise, filed a petitory action on February 22, 1982, claiming ownership of an eleven-acre tract of land in Acadia Parish, owned by their father at the time of his death in 1976. Their father, Joseph Hazard Trahan, died intestate, and his collateral relatives were put in possession of his estate sometime in 1977. These relatives subsequently sold the property in question to the defendants, Maurice and Shirley Benoit, via mesne conveyances, between 1977 and 1980.
Plaintiffs, in their petition, alleged that they were the acknowledged illegitimate children of Joseph Hazard Trahan and Ovea Eva Toups, who were never married, but who cohabited as man and wife for many years and who, both formally and *201 informally, acknowledged the plaintiffs as their children. The defendants excepted to the plaintiffs’ petition on the grounds of no cause or right of action and prescription. The trial court, in the minute entry reflecting the judgment on those exceptions, said that the plaintiffs should have filed an action to establish their filiation to their alleged father prior to the filing of the pet-itory action. We cannot agree with this conclusion reached by the trial court.
The plaintiffs alleged that even though their existence was recognized in the affidavit of death and heirship filed in their father’s succession proceeding, collateral heirs were placed in possession of the succession property. This petitory action was filed pursuant to the right granted to unrecognized heirs to assert an interest in immovable property of the decedent, now in the hands of a third person, who acquired it by onerous title from a recognized heir or legatee.[1]
The act additionally provides a grace period of one year from September 11, 1981, within which suit may be brought on an action which might otherwise be barred by prescription. This is exactly what the plaintiffs attempted to do, and their suit was timely filed under LSA-R.S. 9:5630. This action (under LSA-R.S. 9:5630) presumes that the alleged heir would be entitled to recognition in a succession proceeding, for example, an illegitimate child formally acknowledged in accordance with LSA-C.C. Article 203.[2] Plaintiffs have alleged such formal acknowledgment and, at the hearing on the exceptions, produced evidence of baptismal records and birth certificates. In the event the trial court did not find a formal acknowledgment under LSA-C.C. Art. 203, the plaintiffs would still be entitled to establish filiation under LSA-C.C. Art. 209.[3] Section 2 of Acts 1981, #720 provided a grace period for persons whose actions would have otherwise prescribed under *202 LSA-C.C. Art. 209.[4] This grace period expired in September of 1982.
We think that the trial court was clearly wrong in finding that a separate action for filiation should have been instituted. The case of Smith v. Stephens, 412 So.2d 570 (La.1982) specifically allowed the cumulation of actions for recognition of an heir and assertion of an interest in the decedent’s property. Filiation actions have previously been cumulated with petitory actions and concursus proceedings. See Smith at page 573. The plaintiffs filed this petitory action in the belief that they would not have to establish their filiation, only give proof of their formal acknowledgment. Therefore, they should not be barred from establishing filiation because the proof of acknowledgment was insufficient or inadequate, if some proof of filiation is contained in the pleadings. The Supreme Court in Smith said that where proof of filiation is not contained within the pleadings, a suit for recognition as an irregular heir is subject to an exception of no right of action.
We find that plaintiffs’ allegations concerning their birth, cohabitation of their parents, and a formal acknowledgment, coupled with the baptismal and birth certificates introduced at the hearing on the exceptions, are sufficient facts to support the maintenance of this action for either recognition of the plaintiffs as acknowledged illegitimate children of the decedent, or to establish proof of their filiation and assert an interest in the property now owned by the defendants. Such relief may be granted though not specifically prayed for.[5] Since plaintiffs’ suit was timely filed under LSA-R.S. 9:5630 and Section 2 of Acts 1981, # 720, there is no problem of prescription. Accordingly, the judgment of the trial court dismissing the plaintiffs’ suit is hereby reversed, and this case is remanded to the trial court for proceedings consistent with the views expressed herein.
Costs are to be borne by appellees.
REVERSED AND REMANDED.

. LSA-R.S. 9:5630 provides:
"§ 5630. Actions by unrecognized successor against third persons
A. An action by a person who is a successor of a deceased person, and who has not been recognized as such in the judgment of possession rendered by a court of competent jurisdiction, to assert an interest in an immovable formerly owned by the deceased, against a third person who has acquired an interest in the immovable by onerous title from a person recognized as an heir or legatee of the deceased in the judgment of possession, or his successors, is prescribed in two years from the date of the finality of the judgment of possession.
B. This Section establishes an acquisitive prescription, and shall be applied both retrospectively and prospectively; however, any person whose rights would be adversely affected by this Section shall have one year from September 11, 1981 within which to assert the action described in Subsection A of this Section and if no such action is instituted within that time, such claim shall be forever barred.
C. 'Third person’ means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession."

. LSA-C.C. Article 203 provides:
"Art. 203. Methods of making acknowledgment
Art. 203. The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the[1] presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.”

.LSA-C.C. Art. 209 provides:
"Art. 209. Proof of filiation
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
D. The right to bring this proceeding is heritable.”

. "Section 2 of Acts 1981, No. 720, provided: "Any person against whom the time period provided in this Act would otherwise have accrued except for the provisions of this Section shall have one year from its effective date to bring a proceeding to establish filiation of a child. If no such proceeding is timely instituted, such filiation may not thereafter be established. "

. LSA-C.C.P. Article 862 provides:
“Art. 862. Relief granted under pleadings; sufficiency of prayer
Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”